The Honorable James C. Scott State Senator Route 1, Box 82-A Warren, AR 71661-9705
Dear Senator Scott:
This is in response to your request for an opinion on the following question:
 May a person lawfully hold the position of a County Juvenile Judge (Referee), an appointed position, and the elective office of Municipal Judge in the same county at the same time?
I have enclosed a copy of Attorney General Opinion Number 85-35, issued by this office on February 12, 1985, wherein this question is addressed. It was concluded therein that one person cannot serve as both municipal judge and juvenile referee.
While it should be noted that the juvenile justice system was revised under Act 14 of 1987 (the provisions of which will expire in 1989[1]), the conclusion reached in Opinion Number 85-35 may, nevertheless, reasonably be applied where the juvenile referee serves the juvenile divisions of both the circuit and probate courts. The rationale set forth in the 1985 opinion was based in part upon the conflict inherent in the municipal court's potential jurisdiction over criminal misdemeanor charges stemming from dependent-neglected cases.
A different result may be reached, however, where the referee only serves in the juvenile division of the circuit court. This division hears matters pertaining to juvenile delinquency and violations of the criminal laws of the State. See, Section 2 of Act 14 of 1987. Dependent-neglected matters falls within the juvenile division of the probate court. Id. The legislature has, moreover, provided for the circuit courts transfer of proceedings to the juvenile division of the circuit court, thus suggesting the propriety of the circuit judge's unilateral decision in this regard. This obviously detracts from the argument that one judge should not decide in which court he or she will try the juvenile.
It is therefore my opinion that a successful argument can be made in opposition to one's simultaneous service as referee of the juvenile divisions of the circuit and probate courts and municipal judge within the same county.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] The recently adopted constitutional amendment pertaining to the juvenile justice system provides a mechanism for revising the system. This opinion may be impacted by that revision; the new system is, however, not yet in place.